

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WILLIAM McGUCKIE,        )    Case No. CV 13-8308-JEM
                            )
            Plaintiff,    )
                            )
     v.                )    MEMORANDUM OPINION AND
                            )    ORDER AFFIRMING DECISION OF
CAROLYN W. COLVIN,       )    THE COMMISSIONER OF SOCIAL
Acting Commissioner of Social Security, )    SECURITY
                            )
            Defendant.   )
_____ )

## PROCEEDINGS

On November 15, 2013, William McGuckie ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability and Disability Insurance benefits.  The Commissioner filed an Answer on February 19, 2014. On June 16, 2014, the parties filed a Joint Stipulation ("JS").  The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge.  After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

1
2    Plaintiff is a 53-year-old male who applied for Social Security Disability and
3 Disability Insurance benefits on August 31, 2011, alleging disability beginning June 6,
4 2009.  (AR 11.)  The ALJ determined that Plaintiff has not engaged in substantial gainful
5 activity during the period from his alleged onset date of June 6, 2009 through his date
6 last insured of June 30, 2013.  (AR 13.)
7    Plaintiff's claim was denied initially on February 24, 2012 and on reconsideration
8 on July 12, 2012.  (AR 11.)  Plaintiff filed a timely request for hearing and on June 18,
9 2013 Administrative Law Judge ("ALJ") T. Patrick Hannon held a video hearing from San
10 Jose, California.  (AR 11.)[1]  Vocational expert ("VE") Jo Ann M. Yoshioka appeared and
11 testified at the hearing.  (AR 11.)
12    The ALJ issued an unfavorable decision on July 18, 2013.  (AR 11-17.)  The
13 Appeals Council denied review on September 11, 2013.  (AR 1-3.)

**DISPUTED ISSUES**

15    As reflected in the Joint Stipulation, Plaintiff only raises the following disputed
16 issue as ground for reversal and remand:
17    1.    Whether the ALJ properly considered Plaintiff's credibility.

**STANDARD OF REVIEW**

19    Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine
20 whether the ALJ's findings are supported by substantial evidence and free of legal error.
21 Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan,
22 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by
23 substantial evidence and based on the proper legal standards).

24 _____

25    [1]   Claimant did not personally appear for the hearing in Long Beach, California, but a couple
of Reports of Contact in the record serve to confirm that he was fully aware of this hearing, and
26 chose not to appear.  When asked to comment on this subject, Claimant's attorney of record,
Ryan Fox from the Law Office of Bill Latour informed the ALJ that the office had lost touch with
27 Claimant "for a while."  Considering these circumstances, the ALJ found Claimant to be an
unnecessary participant in his oral hearing.  Therefore, the hearing took place as scheduled, with
28 Claimant's attorney of record representing him in these matters.  (AR 11.)

1  Substantial evidence means "'more than a mere scintilla,' but less than a
2  preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting
3  Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such
4  relevant evidence as a reasonable mind might accept as adequate to support a
5  conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation
6  omitted).
7  This Court must review the record as a whole and consider adverse as well as
8  supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).
9  Where evidence is susceptible to more than one rational interpretation, the ALJ's
10 decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599
11 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole
12 and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"
13 Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.
14 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

15                    **THE SEQUENTIAL EVALUATION**

16 The Social Security Act defines disability as the "inability to engage in any
17 substantial gainful activity by reason of any medically determinable physical or mental
18 impairment which can be expected to result in death or . . . can be expected to last for a
19 continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A),
20 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to
21 determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.
22 The first step is to determine whether the claimant is presently engaging in
23 substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the
24 claimant is engaging in substantial gainful activity, disability benefits will be denied.
25 Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether
26 the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at
27 746. An impairment is not severe if it does not significantly limit the claimant's ability to
28 work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment

is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations.  Parra, 481 F.3d at 746.  If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled.  Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").  20 C.F.R. § 416.920(e).  The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  The RFC must consider all of the claimant's impairments, including those that are not severe.  20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).  The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits.  Parra, 481 F.3d at 746.  Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience.  20 C.F.R. § 416.912(g).  If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits.  Id.

/ / /

/ / /

/ / /

4

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity during the period from his alleged onset date of June 6, 2009 through his date last insured of June 30, 2013.  (AR 13.)

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments: back pain with minor degenerative changes and right elbow degenerative joint disease, and a combination of shoulder and foot pain by history with obesity.  (AR 13-14.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  (AR 14.)

The ALJ then found that, through the date last insured, Plaintiff has the RFC to perform essentially the full range of light work as defined in C.F.R. § 404.1567(b).  (AR 14-16.)  In determining this RFC, the ALJ made an adverse credibility determination. (AR 16.)

At step four, the ALJ found that Plaintiff, through the date last insured, was unable to perform any of his past relevant work as a journeyman carpenter, sheet rock worker, drywall applicator and street carpenter.  (AR 16.)  The ALJ, however, also found that considering Claimant's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Claimant could have performed. (AR 16.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act, from June 6, 2009, the alleged onset date, through June 13, 2013, the date last insured.  (AR 17.)

**DISCUSSION**

Plaintiff now concedes that he was not disabled after November, 2010 but claims a closed period of disability from June 6, 2009 until November, 2010 for right upper extremity limitations.  The ALJ properly discounted Plaintiff's credibility.  The ALJ's RFC

is supported by substantial evidence.  The ALJ's nondisability decision is supported by substantial evidence and free of legal error.

### A.   Relevant Federal law

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged.  Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2.  The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence.  Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345.  If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion."  Bunnell, 947 F.2d at 345.  These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony."  Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 856-57 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46.  Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his symptoms only by offering "specific, clear and convincing reasons for doing so."  Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722.  The ALJ must identify what testimony is not credible and what evidence discredits the testimony.  Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

### B.   The ALJ Properly Discounted Claimant's Credibility

Plaintiff alleges disability based on pain in his right shoulder and elbow.  In determining Plaintiff's RFC, the ALJ concluded that some of Plaintiff's medically determinable severe impairments perhaps could be expected to cause his alleged symptoms.  (AR 16.)  The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms are "not entirely credible."  (AR 16.)  Because the ALJ did not make a finding of malingering, he was

6

1   required to provide clear and convincing reasons supported by substantial evidence to
2   discount Plaintiff's credibility.  Smolen, 80 F.3d at 1283-84.  The ALJ did so.

3              1.    Medical Evidence

4         First, the ALJ found "insufficient objective medical signs and laboratory findings to
5   support significant right upper extremity postural limitations."  (AR 15.)   An ALJ is
6   entitled to consider whether there is a lack of medical evidence to corroborate a
7   claimant's alleged pain symptoms so long as it is not the only reason for discounting a
8   claimant's credibility.  Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005).  Here, the
9   ALJ found that the medical evidence indicated no fractures on X-rays during the relevant
10  period, range of motion within normal limits and full motor strength in all four extremities
11  consistently.  (AR 13, 246, 247, 249.)  A June 8, 2009 physical examination was
12  "remarkably benign," with full motor strength and negative for signs of shoulder
13  impingement.  (AR 14, 270.)  The ALJ did note degenerative joint disease in the
14  claimant's right elbow (AR 14) which he characterized as a severe impairment.  (AR 13.)
15  Treatment notes in June 2009, however, indicate that despite the severe degenerative
16  change in the elbow and some swelling and tenderness, Plaintiff had normal range of
17  motion of the elbow and there was no acute injury.  (AR 246, 247, 249, 251.)  After a
18  motorcycle accident in late 2009, an X-ray showed no fracture, dislocation, broken ribs
19  or tissue swelling, and was considered unremarkable.  (AR 281, 291, 297, 298.)  An
20  October 8, 2010 examination revealed normal musculoskeletal range of motion.  (AR
21  14.)  The ALJ also noted that Claimant presented "no medical assessment form or
22  medical opinions from any treating physician willing to support his application for Social
23  Security disability benefits."  (AR 16.)  By contrast, the ALJ's light work RFC is supported
24  by medical assessments in 2009 (AR 266) and 2012.  (AR 705-706.)

25        Plaintiff asserts that the ALJ should have considered a closed period of disability
26  between the alleged onset date and November 2010, but the ALJ clearly did so.  The
27  ALJ found Plaintiff was not under a disability "at any time from June 6, 2009 . . . through
28  June 30, 2013."  (AR 17.)  The ALJ findings cited above are for the period between June

6, 2009 and November 2010.  Medical evidence cited by Plaintiff after November 2010 is not of consequence because of Plaintiff's concession that he was not disabled after that date, as discussed below.

Plaintiff's contention that the ALJ ignored medical evidence supporting the alleged impairments lacks merit.  The ALJ found that Plaintiff had the following severe impairments: "back pain with minor degenerative changes and right elbow degenerative joint disease, and a combination of shoulder and foot pain by history with obesity." (AR 13.)  This finding indicates the ALJ considered all medical evidence, including the evidence Plaintiff claims he ignored.  In particular, the ALJ explicitly refers to the X-ray showing degenerative joint disease of the elbow (AR 14) that Plaintiff says he ignored and acknowledged it as an impairment.  (AR 13.)  Plaintiff mistakenly focuses on evidence of impairment, but impairment alone does not establish disability.  Young v. Sullivan, 911 F.3d 180, 183 (9th Cir. 1990).  Claimant must show that the impairment causes disabling functional limitations that preclude the ability to engage in substantial, gainful employment.  42 U.S.C. § 423(d).  Here, the ALJ determined, based on substantial evidence, that the medical evidence was insufficient to support "significant right upper extremity limitations."

Plaintiff disagrees with the ALJ's finding regarding the medical evidence but the ALJ is the one responsible for resolving conflicts in the medical evidence and ambiguities in the record.  Andrews v. Shalala, 53 F.3d 1035,1039 (9th Cir. 1995).  Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed.  Rollins, 261 F.3d at 857.

2.    Non-Compliance With Treatment

The second reason given by the ALJ for discounting Plaintiff's credibility was that he was non-compliant with physical therapy referrals on multiple occasions.  (AR 15, 13.)  A failure to follow treatment recommendations is a valid reason for discounting a claimant's credibility.  Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (ALJ may consider "unexplained failure to seek treatment or to follow a prescribed course of

1  treatment"). The record evidence is compelling. Therapist notes on April 28, 2010

2  indicate "Patient was not compliant with PT treatment plan, either by missed

3  appointments and/or not making future appointments." (AR 387, 388.) Plaintiff claims

4  he had a problem making an appointment due to a fall but the therapist noted that there

5  was no fracture and the patient reported his pain level at only 3 or 4 out of 10. (AR 386.)

6  Another note, moreover, this one in May 2010 apparently by a physician, indicates

7  Claimant "[d]idn't go to therapy in May." (AR 402.) There was no explanation given.

8  Plaintiff, moreover, never mentioned a fall at an April 2, 2010 doctor's appointment (AR

9  376-384) and, as noted above, the medical professionals did not accept this explanation.

10  Again, it is the ALJ's responsibility to resolve ambiguities in the record, Andrews, 53 F.3d

11  at 1039, and where the ALJ's interpretation of the record is reasonable, as it is here, it

12  should not be second-guessed. Rollins, 261 F.3d at 857.

13         3.   Unemployment Benefits

14       The ALJ's third reason for discounting Plaintiff's credibility is his lack of candor

15  regarding the duration of his alleged disability. Plaintiff initially sought disability for the

16  period from the alleged onset date of June 6, 2009 through the date last insured of June

17  30, 2013. His December 12, 2012 Exertion Questionnaire alleges disabling pain. (AR

18  168-170.) Yet Plaintiff reported to his physician on October 29, 2010 that "he was ready

19  to go back to work on 11/10" (AR 13, 15, 436) and the treatment record ends here.

20  Plaintiff, moreover, received unemployment benefits during 2011 and 2012, which

21  requires one to represent the ability to do full-time work. (AR 13, 15.) Plaintiff tries to

22  salvage the situation by seeking a closed disability period from the onset date through

23  November 2010. Plaintiff argues he sought unemployment benefits only after he was

24  ready to return to work. As the ALJ specifically noted, however, he applied for Social

25  Security benefits on August 31, 2011, arguing he had been unable to work for more than

26  two years, well after his disability ended. (AR 15, 22, 60, 132.)

27  / / /

28  / / /

9

1                    4,    <u>Daily Activities</u>

2          The ALJ's fourth reason for discounting Plaintiff's credibility is daily activities

3    inconsistent with disabling impairments, a legitimate reason for discounting credibility.

4    <u>Bunnell</u>, 947 F.2d at 345-46.  Claimant stated in his December 12, 2012 Exertion

5    Questionnaire that he "don't lift anything" and "don't carry anything."  (AR 169.)  The ALJ

6    found these statements not credible because Plaintiff lives alone but does not

7    explain how he can perform daily activities without lifting and carrying, particularly when

8    examinations indicated full motor strength in the upper extremities, full range of motion

9    and no neurological deficit.  (AR 15.)  Some of those examinations occurred before

10   November 2010, as noted above.

11                                              * * *

12         The ALJ discounted Plaintiff's credibility for clear and convincing reasons

13   supported by substantial evidence.  The ALJ's light work RFC is supported by

14   substantial evidence.  The ALJ's nondisability decision is supported by substantial

15   evidence and free of legal error.

16

17                                   **ORDER**

18         IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the

19   Commissioner of Social Security and dismissing this case with prejudice.

20

21   DATED: <u>August 6, 2014</u>                    <u>      /s/ John E. McDermott      </u>
                                                      JOHN E. MCDERMOTT
22                                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28